**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES RASHAWN BROWN | |
| Appellant | No. 137 EDA 2016 |

Appeal from the PCRA Order December 14, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008440-2008

BEFORE: BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED NOVEMBER 08, 2016**

Appellant appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

The relevant facts and procedural history are as follows:[1] On October 23, 2008, Appellant entered a negotiated guilty plea to the charges of aggravated assault, conspiracy, firearms not to be carried without a license,

---

[*] Former Justice specially assigned to the Superior Court.

[1] The record provided to this Court is sparse. As court-appointed PCRA counsel indicated in the lower court, "the Quarter Sessions file was misplaced, and the clerks did their best to reconstruct the file." PCRA Counsel's No-Merit Letter, filed 10/17/15, at 1. Appellant has raised no issue concerning the accuracy of the record provided to this Court and has not sought to supplement the record.

and possession of an instrument of crime.[2]   On that same date, in accordance with the plea agreement, Appellant was sentenced to an aggregate of five years to ten years in prison, to be followed by seven years of probation.  Appellant did not file timely post-sentence motions nor a direct appeal.

On May 18, 2012, Appellant filed a *pro se* PCRA petition,[3] and the PCRA court appointed counsel.  On October 17, 2015, counsel filed a motion to withdraw his representation, as well as a **Turner/Finley**[4] no-merit letter. The PCRA court provided Appellant with notice of its intent to dismiss the petition, and after receiving no response, by order entered on December 14, 2015, the PCRA court dismissed Appellant's PCRA petition.  The PCRA court also granted counsel's petition to withdraw his representation. This timely *pro se* appeal followed.  The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement; however, the PCRA court filed a Pa.R.A.P. 1925(a) opinion explaining that Appellant's PCRA petition was untimely filed without meeting any of the timeliness exceptions.

---

[2] 18 Pa.C.S.A. §§ 2702, 903, 6106, and 907, respectively.

[3] Although Appellant's *pro se* PCRA petition was docketed on May 21, 2012, the prison envelope in which Appellant's petition was mailed bears a time stamp of May 18, 2012.  Accordingly, pursuant to the prisoner mailbox rule, we deem Appellant's instant PCRA petition to have been filed on May 18, 2012. **See Commonwealth v. Patterson**, 931 A.2d 710 (Pa.Super. 2007) (discussing the prisoner mailbox rule).

[4] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. **See Commonwealth v. Hutchins**, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Wojtaszek**, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise a claim previously was the result of interference by government officials with the

presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted).

In the case before us, Appellant was sentenced on October 23, 2008, and he filed neither a timely post-sentence motion nor a direct appeal. Accordingly, his judgment of sentence became final on Monday, November 24, 2008,[5] upon the expiration of the thirty-day period for filing an appeal to this Court. 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Accordingly, he had one year from that date, or until November 24, 2009, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). However, Appellant did not file

_____

[5] The thirtieth day after sentencing, November 22, 2008, fell on a Saturday, thus extending the time for appealing to this Court to Monday, November 24, 2008. *See* 1 Pa.C.S.A. § 1908.

his PCRA petition until May 18, 2012, and thus, it is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

Nevertheless, Appellant suggests that his sentence is illegal,[6] and thus, he is not subject to the PCRA's time restrictions. However, our Supreme Court has held specifically that, "[a]lthough legality of sentence is always subject to review within the PCRA, [legality of sentencing] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214, 223 (1999).

In the case *sub judice*, Appellant has not invoked any of the applicable exceptions to the PCRA, and therefore, we agree with the PCRA court that Appellant's instant petition was untimely filed.

Affirmed.

---

[6] We note that Appellant's *pro se* brief falls well below the standards delineated in the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2111(a). "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court." **Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa.Super. 2003) (citations omitted). Although we could quash or dismiss this appeal for Appellant's failure to conform materially to the requirements set forth in our Rules of Appellate Procedure, **see** Pa.R.A.P. 2101, we will address Appellant's argument regarding the timeliness of his PCRA petition to the extent we can discern it. **See Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa.Super. 2005) (declining to quash appeal despite numerous substantial defects in appellant's brief).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2016